OPINION
{¶ 1} Jason DeMoss pleaded no contest to one count of fourth degree felony trafficking in drugs and one count of fifth degree trafficking in drugs. The trial court made findings of guilty and, after receiving a presentence investigation report, sentenced DeMoss to concurrent sentences of ten and eight months. DeMoss appeals, asserting error as follows:
 {¶ 2} "The Sentence Of Incarceration On The Charges Of Trafficking At The Felony Four And Felony Five Levels Was Not Supported By The Sentencing Guidelines Set Forth In ORC 2929.12 And Was Inconsistent With The Joint Recommendation Presented."
 {¶ 3} DeMoss concedes that criminal sentencing is commended to the discretion of the trial court, but contends that the trial court abused its discretion by imposing imprisonment in this case. He points to the following factors to demonstrate his argument: 1) The state recommended community control as the appropriate penalty; 2) DeMoss is employed and paying child support; 3) DeMoss was more of an aider and abettor than the principal offender in this case; 4) DeMoss has had no criminal convictions since 1996.
 {¶ 4} The trial court's sentencing entry stated no seriousness factors and stated the following recidivism likely factors:
 {¶ 5} "1. Prior adjudication of delinquency or history of criminal convictions.
 {¶ 6} "2. Not rehabilitated to a satisfactory degree after being adjudicated delinquent or failure to respond favorably in the past to sanctions imposed for criminal convictions."
 {¶ 7} The record amply supports these recidivism likely factors.
 {¶ 8} The PSI reveals a lengthy list of criminal and traffic convictions as an adult starting in 1993. Indeed, since 1996, which DeMoss argues is the last year of any criminal involvement until 2002, when the offenses in this case were committed, DeMoss had four traffic convictions including a second offense DUI. After being placed on probation for drug trafficking in 1994, DeMoss accumulated several criminal and traffic convictions prior to his probation being revoked and his being sentenced to prison in 1996. It is clear from the trial court's remarks at sentencing that DeMoss' criminal record and poor performance when he was previously on probation caused the court to believe that DeMoss was not a good candidate for community control sanctions.
 {¶ 9} The fact that the state recommended community control, that DeMoss was employed, paying child support, and — at least in his mind — only an aider and abettor provided little counterweight to the evidence supporting the determination that DeMoss was a poor candidate for community control.
 {¶ 10} No abuse of discretion has been demonstrated. The assignment of error is overruled. The judgment will be affirmed.
BROGAN, J. and YOUNG, J., concur.